CHARLES W. CLINGMAN

*v.*

THE PEOPLE *ex rel.* Raymond, County Treasurer.

*Opinion filed December 21, 1899.*

1. SPECIAL ASSESSMENTS—*what not ground for refusing application for sale.* A mere order by a city council staying further proceedings on an improvement some five months after letting the contract for the improvement for the construction of which a special assessment was regularly confirmed, does not annul the assessment nor furnish ground for refusing application for judgment of sale.

2. MUNICIPAL CORPORATIONS—*a city cannot stay improvement proceeding if obligation of contract is impaired.* A city, after obtaining a confirmation judgment in a regular manner for an improvement proper to be made by special assessment, has no authority to stay further proceedings on the improvement by an order, where it is not shown or claimed that the contractor has not agreed to look solely to the assessment for his pay.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for appellant.

CHARLES M. WALKER, Corporation Counsel, and ARMAND F. TEEFY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the county court of Cook county to reverse a judgment of sale by that court for a delinquent special assessment for the improving of an alley between Warren avenue, Madison street, Homan avenue and Kedzie avenue, in the city of Chicago. The defendant appeared and filed several objections to the entry of judgment against his property, all of which were overruled and judgment of sale entered, from which this appeal is prosecuted.

The ruling of the county court upon the objections is only questioned as to the eighth, which is: "On March 20, 1899, all proceedings in the matter of curbing, grad-

ing and paving an alley [describing it] were staid by order of the common council of Chicago."

It appears that an ordinance of the city council was duly passed authorizing the improvement, and all the steps regularly taken to make an assessment in pursuance thereof, which, on proper notice, was confirmed by the county court, and a contract, on October 21, 1898, duly let for the construction of the work, and that some five months thereafter, on the 20th of March, 1899, the city council undertook to pass the following order: "Ordered, that all proceedings in the matter of curbing, grading and paving of alley between Warren avenue, Madison street, Homan avenue and Kedzie avenue be hereby staid." The contention of the appellant is, that this order had the effect of annulling or setting aside the special assessment which had been made, and the contract for the work. It is not denied that an assessment was the legal mode, nor that the lands assessed were delinquent for that special assessment at the time the judgment was applied for, but it is urged that the city council, by its order of March 20, set aside the proceedings levying the assessment and letting the contract. Just what the city council meant to do by staying the proceedings does not appear. Certainly, the language used cannot be construed to mean that the improvement was to be wholly abandoned or the ordinance and assessment thereunder vacated. But whatever may have been the purpose, we think it clear that it had no power to annul the ordinance and assessment, and especially the contract, in any such manner. No such authority is given by the statute, and no reason appears or authority cited in support of a claim to such power. Paragraph 163 of chapter 24 of the act of 1872, (Rev. Stat. p. 239,) under which the ordinance for this improvement was passed, provides: "All persons taking any contracts with the city or village, and who agree to be paid from special assessments, shall have no claim or lien upon the city or village in any event, ex-

cept from the collections of the special assessments made for the work contracted for." It is not shown here, nor claimed, that the contractors did not agree to be paid from the special assessment, and to hold that the city council might, by a mere order, deprive them of the benefit of the special assessment would be palpably unjust and a clear impairment of the obligations of the contract.

We entertain no doubt that the court below properly overruled the objections, and its judgment will accordingly be affirmed.                    *Judgment affirmed.*